# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**K&F RESTAURANT
HOLDINGS, LTD., ET AL.**

**CIVIL ACTION**

**VERSUS**

**NO. 16-293**

**DONALD J. ROUSE, JR., ET AL.**

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand[1] filed by Plaintiffs, K&F Restaurant Holdings, Ltd. d/b/a Izzo's Illegal Burrito ("Izzo's"); K&F Restaurant Operations, LLC; G&O Pizza Holdings, Ltd. d/b/a LIT Pizza; G&O Restaurant Operations, LLC; Osvaldo Fernandez; and A. Gary Kovacs ("Plaintiffs"). Defendants, Donald J. Rouse, Jr.; Donald J. Rouse, Sr.; Thomas B. Rouse; Allison Rouse Royster; and Rouse's Enterprises, LLC ("Rouse's") (collectively, "Defendants") have filed an opposition.[2] Plaintiffs have also filed a related Motion for Oral Argument on Plaintiffs' Motion to Remand (the "Motion for Oral Argument").[3] For the reasons set forth herein, it is the recommendation[4] of this court that Plaintiffs' Motion to Remand be DENIED and Plaintiffs' Motion for Oral Argument be DENIED AS MOOT.

### I.     Background

On April 13, 2016, Plaintiffs filed a Verified Petition for Damages (the "Petition") in state court.[5] Therein, Plaintiffs explain that Izzo's is a burrito restaurant chain and Rouse's is a grocery

---

[1] R. Doc. 7.

[2] R. Doc. 13.

[3] R. Doc. 8.

[4] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[5] La. R.S. § 13:850 provides for filing by facsimile. Under the statute, "facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section." La. R.S. § 13:850(A). Section B of the statute requires the original document and certain fees be submitted within seven days of the facsimile filing. La. R.S. § 13:850(B)(1)-(3). The Petition attached to Defendants' Notice of Removal indicates

store chain that "has had, and upon information and belief, currently has a burrito bar in certain stores."[6] Plaintiffs allege that in February 2012, Izzo's believed that Rouse's "had somehow stolen possession" of Izzo's secret, confidential, and proprietary food recipes and that "[u]pon obtaining [a] writ of sequestration…entered [Rouse's Market located in Lafayette, Louisiana]…and found [Izzo's] secret, confidential, and proprietary Recipe Book to be on Rouse's premises, behind the counter of a similarly styled restaurant that appeared to utilize the same cooking methods utilized by Izzo's."[7] Plaintiffs allege that following the February 2012 incident, Defendants "harbored significant and substantial malice towards Izzo's…"[8] and engaged in a series of practices whereby Defendants targeted Plaintiffs for discrimination and exclusion from future restaurant development.[9] Specifically, Plaintiffs allege, *inter alia*, that Izzo's sought to develop restaurants in three new developments (Juban Crossing in Livingston Parish, Long Farm Commercial Development in East Baton Rouge Parish, and Berryland in Tangipahoa Parish) but that each negotiation fell through. Plaintiffs further allege that public record searches for these developments revealed lease agreements or other agreements between or involving Defendants and the respective developers which included provisions expressly prohibiting sale or lease of any part of the development to Izzo's or any affiliate thereto.[10]

Plaintiffs' Petition asserts five causes of action: (1) violation of Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. § 51:1401 *et seq.* ("LUTPA");[11] (2) state law

---

that the original Petition was filed in state court on April 15, 2016. To the court's knowledge, Defendants have not raised any issue regarding the sufficiency of Plaintiffs' fax filing.

[6] R. Doc. 1-1, ¶¶ 2 & 3.

[7] R. Doc. 1-1, ¶¶ 4 & 6.

[8] R. Doc. 1-1, ¶ 8.

[9] R. Doc. 1-1, ¶¶ 8-30.

[10] See, R. Doc. 1-1, ¶¶ 10-12, 14-18 (regarding Juban Crossing); ¶¶ 13-15 & 19-21 (regarding Long Farm); ¶¶ 21-25 (regarding Berryland).

[11] R. Doc. 1-1, ¶¶ 31-35.

tort (including tortious interference with contract, product defamation, and civil conspiracy);[12] (3) trademark infringement under state law;[13] (4) conspiracy under state law;[14] and (5) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 *et seq.* ("RICO").[15]

On April 29, 2016, Defendants filed a Notice of Removal, asserting this court has original jurisdiction under 28 U.S.C. § 1331 based on Plaintiffs' RICO claim and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.[16]  Thereafter, Plaintiffs filed the instant Motion to Remand, arguing that all claims in this suit should be remanded because the state court has concurrent jurisdiction over Plaintiffs' RICO claim and state law claims substantially predominate.  Alternatively, Plaintiffs argue that in the event this court retains jurisdiction over Plaintiffs' RICO claim, it should remand the remaining state law claims.[17]

**II.    Law and Analysis**

    **A.  Removal and Federal Question Jurisdiction**

---

[12] R. Doc. 1-1, ¶¶ 36-40.

[13] R. Doc. 1-1, ¶¶ 41-43.

[14] R. Doc. 1-1, ¶¶ 44-45.

[15] R. Doc. 1-1, ¶¶ 46-54.

[16] R. Doc. 1, ¶¶ 4-7.

[17] Plaintiffs originally argued that this suit should be remanded because Defendants' Notice of Removal was defective. Specifically, Plaintiffs asserted that "Defendants failed to comply with Local Civil Rule 3.2(c) because copies of the return of service of process filed in state court on those parties who were intended to be served with the Plaintiffs' petition were not attached to the Notice of Removal."  R. Doc. 7-1, p. 5.  Local Civil Rule 3.2(c) is a local rule of the Eastern District of Louisiana; this district does not have a similar rule.  Recognizing this error, Plaintiffs filed a Supplemental Memorandum in Support of Remand wherein Plaintiffs state that "Local Rule 3.2 does not exist within the Local Rules of the United States District Court for the Middle District of Louisiana.  This mistaken reference was due to an oversight by undersigned counsel, and the undersigned respectfully requests that this Court analyze its Memorandum in Support of Remand as if such reference had not been made."  R. Doc. 9, p. 1.  Accordingly, to the extent Plaintiffs sought remand based on failure to comply with Local Rule 3.2(c) for the Eastern District of Louisiana, remand on such basis is unfounded.  Moreover, to the extent Plaintiffs raise (albeit indirectly) an issue regarding the timeliness of Defendants' removal, the court notes that this suit was filed in state court on April 13, 2016 and removed on April 29, 2016, well within the 30 day time period for removal.  28 U.S.C. § 1446(b).  *See*, R. Doc. 7-1, p. 5 ("Defendants have failed to make the required showing of timeliness in their Notice of Removal.  Failure to comply with Local Civil Rule 3.2(c) equates to a failure to discharge the statutory burden of showing the timeliness of the notice of removal.").

Pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants…."  District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Under the "'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the fact of the plaintiff's well-pleaded complaint…."  *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008).  Here, Defendants removed this suit based on Plaintiffs' alleged violation of RICO, a federal law.[18] Accordingly, because Plaintiffs' Petition clearly asserts a federal claim, the court finds that it has original jurisdiction pursuant to 28 U.S.C. § 1331 and removal was proper under 28 U.S.C. § 1441(a).  *See*, *South Technical Diesel, Inc. v. Volvo Group North American, LLC*, 2011 WL 8300330, at *2 (S.D. Tex. March 3, 2011) ("Because the petition clearly asserts a claim under RICO, the Court finds that, pursuant to 28 U.S.C. § 1331, Plaintiff's suit falls within this Court's original jurisdiction, and removal of this case is proper under 28 U.S.C. § 1441."); *Inge v. Walker*, 2016 WL 4920288, at * 3 (N.D. Tex. Sept. 15, 2016) ("Plaintiff's RICO claim gives this Court original jurisdiction.").

### B.  This Court Should Not Remand Plaintiffs' RICO Claim

It is undisputed that this court has original federal question jurisdiction based on Plaintiffs' RICO claim, and all parties agree that state courts have concurrent jurisdiction over such claim.[19] Plaintiffs argue that because the state court can exercise concurrent jurisdiction over their RICO claim, and because their state law claims substantially predominate over the federal claim, this

---

[18] R. Doc. 1, ¶ 6.

[19] R. Doc. 7-1, pp. 6-7; R. Doc. 13, p. 6.  *See also*, *Tafflin v. Levitt*, 493 U.S. 455, 467 (1990) ("we hold that state courts have concurrent jurisdiction to consider civil claims arising under RICO.")

court should remand all of Plaintiffs' claims (including Plaintiffs' federal claim) pursuant to 28 U.S.C. § 1441(c).[20]   However, contrary to Plaintiffs' assertion that "[f]ederal courts that have considered the meaning of 28 U.S.C. 1441(c) have decided overwhelmingly that the provision permits the courts to remand the entire action, federal claims and all, if the state law claim predominates,"[21] the Fifth Circuit has made clear that a federal court is without authority to remand a federal claim upon which removal was properly based. *See*, *Poche v. Texas Air Corps, Inc.*, 549 F.3d 999, 1005 (5th Cir. 2008) (finding district court was without authority to remand plaintiff's Fair Labor Standards Act claim under previous version of 28 U.S.C. § 1441(c) and confirming the holding of *Laurents v. Arcadian Corp.*, 69 F.3d 535 (5th Cir. 1995) that a district court has no authority to remand claims that confer removal jurisdiction).[22]  *See also*, *Inge v. Walker*, 2016 WL 4920288, at * 3 (N.D. Tex. Sept. 15, 2016) (citing *Poche* and explaining that because plaintiff's "RICO claim was what conferred removal jurisdiction upon this Court…this Court is without authority to remand that claim, and therefore it cannot remand the entire case."); *South Technical Diesel, Inc. v. Volvo Group North America, LLC*, 2011 WL 830330, at * 2 (S.D. Tex. March 3, 2011) ("the Fifth Circuit has consistently held that the district court has no discretion to remand

---

[20] R. Doc. 7-1, pp. 7-8.

[21] R. Doc. 7-1, p. 5.

[22] Plaintiffs rely on *Poche* for their position that 1441(c) allows remand of the entire action, including federal claims. R. Doc. 7-1, p. 5.  In *Poche*, the court considered the 1990 amended version of 1441(c) which provided:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

The *Poche* court discussed case law in which courts indicated that 1441(c) allowed remand of the entire case, including federal claims.  *See*, 549 F.3d at 1004 (explaining that court's statement in *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320 (5th Cir. 1998) that "the new § 1441(c) permits courts to remand an entire action, or distinct claims, both state and federal, if state law predominates" could be characterized as an alternative holding or dicta and that to the extent *Metro Ford* conflicted with the Fifth Circuit's previous holding in *Laurents* (that a district court had no authority to remand claims that conferred removal jurisdiction), it was bound to follow *Laurents*.).  Accordingly, *Poche* does not stand for the proposition advanced by Plaintiffs.

claims arising under federal law, even where, as here, the federal claims are few and the state claims are many."); *Lawler v. Mirarek Corp.*, 2010 WL 743925, at *6 n. 6 (W.D. Tex. March 2, 2010) ("Under Fifth Circuit precedent, federal district courts are without power to remand a federal question claim once removed, even if that claim is clearly secondary to associated state law claims made in a particular case."); *Alexander v. Cannon Cochran Management Services, Inc.*, 2010 WL 1254527, at * 2 (E.D. La. March 25, 2010) (holding that court was without authority to remand FLSA claims under *Poche*.).  Accordingly, this court lacks authority to remand Plaintiffs' RICO claim.

### C. This Court Should Retain Supplemental Jurisdiction over the State Law Claims

In the event this court is unwilling to remand the entire action to state court (which it cannot), Plaintiffs argue in the alternative that this court should remand Plaintiffs' "predominately state law claims."[23]  In support, Plaintiff cites the current version of 28 U.S.C. § 1441(c) as well as the Fifth Circuit's test for remanding separate and independent claims developed under the previous version of § 1441(c).[24]

---

[23] R. Doc. 7-1, p. 8.

[24] R. Doc. 7-1, p. 9.  Following the 1990 amendments, § 1441(c) provided that when "separate and independent" claims or causes of action within the district court's original federal question jurisdiction were joined with "otherwise non-removable claims or causes of action," the entire case could be removed and the district court could, in its discretion, "remand all matters in which State law predominates."  *See*, *Poche*, 549 F.3d at 1001 (discussing amendments).  Under this previous version of the statute, the claim to be remanded was required to be "(1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates."  *Id*. at 1002-1003 (citing *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 103 (5th Cir. 1996)).  Under this test, courts in this circuit refused to remand state law claims which would involve substantially the same facts as the federal claim.  *See*, *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 328 (5th Cir. 1998) (finding that Plaintiff's RICO claim was "so intertwined with the state law claims as to be difficult to treat separately and explaining that "'where there is a single wrong to [the] plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action….'") (quoting *Eastus*, 97 F.3d at 104); *Blakenship v. Weinstein & Riley, P.S.*, 2011 WL 2713698, at * 3 (N.D. Tex. July 12, 2011) ("A state-law claim is not separate and independent from a federal claim if both claims involve 'substantially the same facts.'"); *Demissie v. 7-Eleven, Inc.*, 2009 WL 4858057, at * 2 (N.D. Tex. Dec. 14, 2009) (denying motion to remand where federal claims were not separate and independent from state law claims because all claims stemmed from plaintiff's employment termination and proof of all claims would probably involve substantially the same facts).  Here, the court agrees with Defendants that the analysis set forth in *Poche* and cited by Plaintiffs in their brief "is based on a version of section 1441(c) no longer in effect."  R. Doc. 13, p. 7.  Moreover, for the same reasons this court

1.  **This Court has Supplemental Jurisdiction Pursuant to 28 U.S.C. § 1367 and therefore the Mandatory Severance Provision of 28 U.S.C. § 1441(c) does not Apply**

Under the current version of § 1441(c), if a civil action includes a federal question claim and "a claim not within the original or supplemental jurisdiction of the district court…," the district court, upon removal, "shall sever" the claim not within its original or supplemental jurisdiction and remand that claim to the state court from which the action was removed.  28 U.S.C. § 1441(c)(1) & (2).  As such, the current version of § 1441(c) requires this court to sever and remand *only* those claims over which it lacks original or supplemental jurisdiction.  As discussed herein, the court finds that it does have supplemental jurisdiction over all of Plaintiffs' state court claims and therefore 1441(c)'s severance and remand provisions are inapplicable.

Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  A plaintiff's claims are part of the "same case or controversy" as claims within the scope of the district court's original jurisdiction if they "derive from a common nucleus of operative facts."  *United Mine Works of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  *See also*, *Hankins v. Yellow Fin Marine Services, LLC*, 2015 WL 9004447, at * 3 (E.D. La. Dec. 14, 2015) (explaining that since *Gibbs*, "courts have found that a 'loose factual connection between the claims is generally sufficient' to meet the common-nucleus standard.").

---

finds that it can exercise supplemental jurisdiction over Plaintiffs' state law claims (*i.e.*, those claims derive from a common nucleus of operative facts), it finds that Plaintiffs' state law claims are not "separate and independent" claims or causes of action as that term was interpreted and applied under the previous version of 1441(c).

Here, the structure of Plaintiffs' Petition indicates that the same underlying facts form the basis of both their state and federal causes of action.  In Count Five of the Petition, which asserts violations of RICO, Plaintiffs "re-incorporate all allegations in the preceding paragraphs" and assert that "[t]he various aforementioned acts and practices constitute the predicate acts and racketeering activity/unlawful conduct in violation of 18 U.S.C. 1962(b), (c), and (d)."[25]  Again referring to the same alleged acts that form the basis of their state law claims, Plaintiffs assert that "[t]he activities of the RICO Enterprise, as alleged in the various provisions above, constitute a pattern of racketeering activity to the detriment of Plaintiffs."[26]  As pointed out by Defendants, "Plaintiffs' allegations make it clear the predicate acts upon which [Plaintiffs] base the RICO claim are the same alleged acts and omissions underlying their state-law claims."[27]  This court agrees. *See*, *Inge v. Walker*, 2016 WL 4920288, at * 4-5 (N.D. Tex. Sept. 15, 2016) (noting that Plaintiff expressly incorporated his RICO claim into several of his state law claims and that several facts relevant to the RICO claim were identical to facts alleged in relation to state law claims, rejecting the "proposition that if multiple causes of action have 'distinctly different' elements there can exist no common nucleus of operative fact," and concluding based on "the underlying facts as opposed to the elements of proof" that the claims all derived from a common nucleus of operative facts such that the court had supplemental jurisdiction).  Because this court finds it has supplemental jurisdiction over Plaintiffs' state law claims, it also finds that the mandatory severance and remand provision of § 1441(c) is inapplicable.  *Id*. at * 5 ("As the Court has concluded that it does have supplemental jurisdiction, [plaintiff's] reference to the mandatory severance provision of 28 U.S.C. § 1441 is inapposite.").

---

[25] R. Doc. 1-1-, ¶¶ 46-47.

[26] R. Doc. 1-1, ¶ 51.

[27] R. Doc. 13, p. 8.

### 2.   This Court Should Not Decline to Exercise Supplemental Jurisdiction

Under 28 U.S.C. § 1367(c), this court may decline to exercise supplemental jurisdiction if: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."   Additionally, when determining whether the exercise of supplemental jurisdiction would be appropriate, "a district court should consider principles of economy, convenience, fairness, and comity."   *Keith L. Markey, M.D., P.A. v. Aetna Health Inc.*, 2012 WL 695662, at * 6 (W.D. Tex. Feb. 29, 2012) (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988)).   *See also*, *Enochs v. Lampasas County*, 641 F.3d 155, 158-159 (5th Cir. 2011) ("In determining whether a district court improperly refused to relinquish jurisdiction over pendent state law claims, we look to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity.").

### i.   Whether Plaintiffs' LUTPA Claims Raise Novel or Complex Issues of State Law

Plaintiffs argue that their LUTPA claim "raises various matters of first impression" and that "whether or not Defendants' conduct amounts to a violation of La. R.S. 51:1401 *et seq.* is the preeminent question presented in the entirety of the petition and necessarily involves a question of state law unique and peculiar to Louisiana."[28]   Although Plaintiffs are "willing to admit that a federal court is capable of such considerations," they assert that "according to Louisiana's established jurisprudence the question of whether an act or practice is a violation of [LUTPA] is

---

[28] R. Doc. 7-1, p. 7.

necessarily left to the province of Louisiana Courts and is to be decided on a case-by-case basis."[29] The court understands such arguments to go to the question of whether Plaintiffs' LUTPA claims raise "a novel or complex issue of State law."  28 U.S.C. § 1367(c)(1).

As an initial matter, the court finds that the case relied upon by Plaintiffs for their position that LUTPA claims are the province of Louisiana courts, *Roustabouts, Inc. v. Hamer*, 447 So. 2d 543, 548 (La. App. 1 Cir. 1984), only stands for the proposition that it is the province of courts to determine "what may amount to an unfair act or practice" under LUTPA on a "case by case basis." Nothing in *Roustabouts* compels a conclusion that this court may not consider Plaintiffs' LUTPA claims via an appropriate exercise of supplemental jurisdiction.  Plaintiffs fail to cite, and this court is unaware of, any jurisprudence that would limit consideration of claims arising under LUTPA to state courts.  As pointed out by Defendants, there are a "myriad of federal cases resolving LUTPA claims."[30]   Moreover, while Plaintiffs assert that their LUTPA claims are "matters of first impression,"[31] and therefore presumably raise complex or novel issues of state law, it appears that Defendants' Motion to Dismiss Plaintiffs' LUTPA claims is based on Defendants' argument that those claims are time-barred or, under existing jurisprudence interpreting LUTPA, cannot constitute LUTPA violations.[32]  In response to those arguments, Plaintiffs argue that their LUTPA claim is not barred because, *inter alia*, "it is well settled that the Continuing Violation Doctrine applies to the LUTPA peremptive period[33] and further assert "[t]here is no question that Defendants' conduct falls squarely within the prohibited conduct contemplated by LUTPA."[34]

---

[29] R. Doc. 7-1, p. 8.

[30] R. Doc. 13, p. 9 n. 40 (collecting cases).

[31] R. Doc. 7-1, p. 7.

[32] *See*, R. Doc. 5, pp. 6-9.

[33] R. Doc. 10, p. 4.

[34] R. Doc. 10, p. 10.

Accordingly, despite Plaintiffs' assertion that "[t]he fact that [their LUTPA claims are] matters of first impression is clearly evidenced by Defendants' filing of a motion to dismiss for failure to state a claim…," the parties' briefing indicates otherwise. Accordingly, this court does not find that Plaintiffs' LUTPA claim raises complex or novel issues of law that would counsel against retaining supplemental jurisdiction over that claim.

### ii.    Whether the State Law Claims Substantially Predominate

Plaintiffs argue that their "state law claims comprise 4/5 of the counts set forth in [the Petition] and account for the vast majority of the substance of Plaintiffs' petition and therefore substantially predominate."[35] Based on the theories of liability asserted by Plaintiffs, the court agrees that Plaintiffs' state law claims are more numerous than their federal claim. However, and as discussed above, the *same* acts which allegedly form the basis of Plaintiffs' state law claims also form the basis of Plaintiffs' federal law cause of action. Indeed, it appears that Plaintiffs seek to use the alleged violations of LUTPA as specifically outlined in their Petition as the required predicate acts and racketeering activity forming the basis of their RICO claim. Moreover, even if this court found that Plaintiffs' state law claims did substantially predominate, it finds it would be improper to sever such closely interconnected claims. *See*, *Lawler v. Miratek Corp.*, 2010 WL 743925, at * 7 (W.D. Tex. March 2, 2010) ("while the Court may split claims arising from the same nucleus of operative facts, the Court should not split apart claims that are too closely interconnected when remanding part of a case to state court."); *Inge v. Walker*, 2016 WL 4920288, at * 7 (N.D. Tex. Sept. 15, 2016) ("As a corollary to § 1367's multi-factor supplemental jurisdiction test, courts are prohibited from 'split[ting] apart claims that are too closely

---

[35] R. Doc. 7-1, p. 7. *See also*, R. Doc. 7-1, p. 10 (outlining Plaintiffs' claims one through four "which are stated as separate counts independently actionable by separate provisions of Louisiana law.").

interconnected when remanding part of a case to state court,' even though they may generally 'split claims arising from the same nucleus of operative facts.'") (internal citations omitted).

### iii.    Additional Considerations

Finally, this court considers the remaining bases for declining supplemental jurisdiction set forth in 28 U.S.C. § 1367(c)(3) & (4) as well as the common law factors of judicial economy, convenience, fairness, and comity.  With regard to 28 U.S.C. § 1367(c)(3), the court notes that Plaintiffs' RICO claim has not been dismissed and that Defendants' currently pending Motion to Dismiss does not seek dismissal of that federal claim at this juncture.[36]  Further, Plaintiffs do not point to, and this court has not identified, other "exceptional circumstances" that would constitute a compelling reason to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(4).  With regard to issues of judicial economy, convenience, fairness and comity, the court finds these considerations weigh in favor of retaining Plaintiffs' state law claims or are neutral.  The state and federal district court are located in the same city, and therefore either forum is equally convenient for the parties.  *See*, *Inge v. Walker*, 2016 WL 4920288, at * 9 (N.D. Tex. Sept. 15, 2016) ("When considering convenience in relation to location, the Court determines that the factor is neutral as the state and federal court are located within the same city.").  With regard to issues of judicial economy, "[r]equiring the parties to manage two different lawsuits in two different forums would force both sides to expend significantly more time, money, and effort than by having the parties litigate the entire action before this Court."   *Keith L. Markey, M.D., P.A. v. Aetna Health Inc.*, 2012 WL 695662, at * 7 (W.D. Tex. Feb. 29, 2012).  Finally, although Plaintiffs may prefer to

---

[36] *See*, R. Doc. 5, p. 1 ("Defendants seek dismissal of the counts asserted by Plaintiffs for violation of Louisiana's Unfair Trade Practices and Consumer Protection Law (Count I of Plaintiffs' Verified Petition for Damages), Liability for Acts Causing Damages under Louisiana Civil Code article 2315 (Count II), Tortious Interference With a Contract (Count II A), Product Defamation (Count II B), Civil Conversion (Count II C), Trademark Infringement under Louisiana Law (Count III), and Conspiracy (Count IV) for failure to state a claim.").

argue their claims in state court, they explicitly asserted a federal claim against Defendants, and Defendants had a statutory right to remove the case to federal court. "It would be unfair for the Court to subvert Defendant's statutory right by forcing it to fight two separate legal battles in two different forums without a compelling justification." *Id.* *See also*, *H.P. Garvin v. Lockheed Federal Credit Union*, 2011 WL 1675991, at * 1 (W.D. Tex. March 18, 2011) ("Because this Court must retain jurisdiction over one of [plaintiff's] claims, and because all of the claims arise out of the same general conduct, judicial economy suggests they should all be tried in the same forum."); *Alexander v. Cannon Cochran Management Services, Inc.*, 2010 WL 1254527, at * 2 (E.D. La. March 25, 2010) ("[T]he Court does not find remand of the state-law claims to be appropriate here. To the contrary, both Plaintiff's federal and state-law claims include similar, or at least related, claims for unpaid wages, retaliation, and unlawful termination. Under these circumstances, the Court, in its discretion, finds that judicial economy would be served by having all of Plaintiff's claims addressed in one forum.").

### III.   Conclusion

For the reasons set forth herein, it is the recommendation of the undersigned that Plaintiffs' Motion to Remand[37] be DENIED and Plaintiffs' Motion for Oral Argument[38] be DENIED AS MOOT. In the event the district court adopts the recommendations herein, it is further RECOMMENDED that this matter be referred to the undersigned for a scheduling conference.[39]

Signed in Baton Rouge, Louisiana, on September 22, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[37] R. Doc. 7.

[38] R. Doc. 8.

[39] *See*, R. Doc. 24. The prior scheduling conference was cancelled to permit resolution of the Motion to Remand.