UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**K&F RESTAURANT**
**HOLDINGS, LTD., ET AL.**

**VERSUS**

**DONALD J. ROUSE, JR., ET AL.**

CIVIL ACTION

NO. 16-293-SDD-EWD

**NOTICE AND ORDER**

Before the court is a Motion for Extension of Time in Which to File Responsive Pleading to Amended Complaint (the "Motion for Extension")[1] and a Motion to Expedite Consideration of Motion for Extension of Time in Which to File Responsive Pleading to Amended Complaint (the "Motion to Expedite")[2] filed by defendants, Donald J. Rouse, Jr.; Donald J. Rouse, Sr.; Thomas B. Rouse; Allison Rouse Royster; and Rouse's Enterprises, LLC ("Rouse's") (collectively, "Defendants").

On or about April 13, 2016, plaintiffs, K&F Restaurant Holdings, Ltd. d/b/a Izzo's Illegal Burrito ("Izzo's"); K&F Restaurant Operations, LLC; G&O Pizza Holdings, Ltd. d/b/a LIT Pizza; G&O Restaurant Operations, LLC; Osvaldo Fernandez; and A. Gary Kovacs ("Plaintiffs") filed a Verified Petition for Damages (the "Original Petition") against Defendants in state court.[3] Defendants subsequently removed this matter to federal district court on the basis of federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[4] Thereafter, Defendants filed a Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss")[5] seeking dismissal of Plaintiffs' claims for violation of the Louisiana Unfair Trade Practices Act and Consumer Protection Law ("LUTPA") (Count I), violation of Louisiana Civil

---

[1] R. Doc. 49.
[2] R. Doc. 50.
[3] R. Doc. 1-1.
[4] R. Doc. 1.
[5] R. Doc. 5.

1

Code Article 2315 (Count II), tortious interference with a contract (Count II A), product defamation (Count II B), civil conversion (Count II C), trademark infringement under Louisiana law (Count III), and conspiracy (Count IV). On February 2, 2017, the court granted in part and denied in part Defendants' Motion to Dismiss.[6] Accordingly, pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendants' responsive pleading to the Original Petition were due on February 16, 2017. ("Unless the court sets a different time, serving a motion under this rule alters these periods as follows: (A) if the court denies the motion…the responsive pleading must be served within 14 days after notice of the court's action."). However, per Defendants' Motion for Extension, "because Plaintiffs' counsel indicated to Defendants' counsel that Plaintiffs would be filing an amended complaint, the parties agreed that Defendants would not file an answer until Plaintiffs filed the amended complaint."[7]

On March 16, 2017, Plaintiffs' filed a First Amended Complaint (the "Amended Complaint").[8] However, the Amended Complaint is not comprehensive. Rather than incorporating all live allegations set forth in one comprehensive pleading, the Amended Complaint adopts by reference and renews "all statements, causes of action, claims, and allegations set forth in the original Verified Petition for Damages as if copied herein *in extenso*."[9] Such incorporation by reference is inconsistent with the court's February 2, 2017 ruling on the Motion to Dismiss and introduces an element of uncertainty regarding the Plaintiffs' live allegations.

Per Defendants' Motion for Extension, Plaintiffs' counsel opposes an (additional) extension of time within which to respond to the Original Petition, but does not oppose an

---

[6] R. Doc. 31. Specifically, the court dismissed Plaintiffs' LUTPA claim with prejudice as prescribed. The court dismissed Plaintiffs' claims of tortious interference with a business relationship, product defamation and/or disparagement, civil conversion, and conspiracy without prejudice. The court denied Defendants' Motion to Dismiss Plaintiffs' Louisiana trademark claim. R. Doc. 31, p. 14.
[7] R. Doc. 49, ¶ 2. The court understands this to imply Defendants' consent to Plaintiffs filing an amended complaint.
[8] R. Doc. 46.
[9] R. Doc. 46.

2

extension of time within which to respond to the Amended Complaint.[10]  Defendants explain that they "are unaccustomed to responding to an original complaint and amended complaint separately" and therefore "request an extension of time within which to file all responsive pleadings up to and including April 11, 2017."[11]  The undersigned finds that filing separate responsive pleadings to the Original Petition and Amended Complaint would be unwieldly, and that instead Plaintiffs should be required to submit one comprehensive complaint to which Defendants are required to respond.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' First Amended Complaint (R. Doc. 46) be **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that Plaintiffs file a comprehensive amended complaint (*i.e.*, a pleading which includes all of Plaintiffs' active allegations and causes of action and which does not incorporate by reference, refer to, or otherwise depend upon a previous pleading). Plaintiffs' comprehensive amended complaint shall not include any allegations or claims which have been previously dismissed by this court with prejudice.  Plaintiffs shall have seven (7) days from the date of this Notice and Order to file the comprehensive amended complaint without further leave of court.

**IT IS FURTHER ORDERED** that Defendants shall have twenty-one (21) days from the filing of the comprehensive amended complaint to file responsive pleadings.

**IT IS FURTHER ORDERED** that in light of the above, Defendants' Motion for Extension of Time in Which to File Responsive Pleading to Amended Complaint[12] and a Motion

---

[10] R. Doc. 49, ¶ 7.
[11] R. Doc. 49, ¶ 8.
[12] R. Doc. 49.

to Expedite Consideration of Motion for Extension of Time in Which to File Responsive Pleading to Amended Complaint[13] are **TERMINATED AS MOOT**.

Signed in Baton Rouge, Louisiana, on March 23, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] R. Doc. 50.