**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

K & F HOLDINGS, LTD., ET. AL.                                    CIVIL ACTION

VERSUS                                                                       16-293-SDD-EWD

ROUSE'S ENTERPRISES, L.L.C., ET AL.

## **RULING**

This matter is before the Court on the *Motion for Recusal of District Judge Shelly D. Dick under 28 U.S.C.A. § 144*,[1] and the *Motion for Recusal of District Judge Shelly D. Dick under 28 U.S.C.A. § 455*[2] filed by Plaintiffs, K&F Holdings, Ltd. et al, ("Plaintiffs" or "Movants"). Defendants, Rouse's et al, ("Defendants") have filed respective *Oppositions*.[3] For the following reasons, the motion will be DENIED.

**I.     FACTUAL BACKGROUND**

This case was removed from the 19th Judicial District Court on April 29, 2016.[4] On February 2, 2017, the Court issued a *Ruling*[5] wherein Plaintiffs' Louisiana Unfair Trade Practice Act ("LUTPA") claims were dismissed with prejudice due to peremption. The Court also dismissed Plaintiffs' claims for tortious interference with a business relationship, product defamation and/or disparagement, civil conversion, and conspiracy,

---

[1] Rec. Doc. 39.
[2] Rec. Doc. 40.
[3] Rec. Docs. 43 and 44.
[4] *See* Rec. Doc. 1.
[5] Rec. Doc. 31, p. 14
39378

without prejudice.[6] The Court denied Defendants' motion to dismiss Plaintiffs' Louisiana trademark claims.[7] On February 21, 2017, Plaintiffs' counsel filed a motion to recuse pursuant to 28 U.S.C. § 455 (a), § 455 (b)(2), § 455 (e), and 28 U.S.C. § 144 alleging that the Court lacks impartiality and harbors "ill feelings" against Plaintiffs' counsel.[8] The Defendants have opposed the motions.[9]

## II.  LAW AND ANALYSIS

Two statutes govern recusal of District Court Judges: 28 U.S.C. 144 ("§ 144") and 28 U.S.C. 455 ("§ 455"). Movants filed separate Motions for Recusal citing each statute.[10] Movants failed to brief recusal under § 144 but instead filed the identical brief in support of their § 144 Motion as the brief filed in support of their Motion under § 455.[11] Despite Movants' failure to submit legal authority for recusal under § 144, the Court will analyze § 144 as having been raised.

### A. Recusal Under § 144

§ 144 provides:

> Whenever a ***party*** to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice ***either against him or in favor of any adverse party***, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that the bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such a time. A party may file only

---

[6] *Id.*
[7] *Id.*
[8] Rec. Doc. 39-4, p. 12.
[9] Rec. Doc. 44.
[10] *Motion for Recusal of District Judge Shelly D. Dick under 28 U.S.C.A. § 144* at Rec. Doc. 39 and *Motion for Recusal of District Judge Shelly D. Dick under 28 U.S.C.A. § 455* at Rec. Doc. 40.
[11] Rec. Doc. 39-4 offered in support of its Motion for Recusal under 28 U.S.C 144 is identical in every respect to the brief submitted in support of its Motion for Recusal under 28 U.S.C 455 at Rec. Doc. 40-4.
39378

one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.[12]

Movants do not brief the § 144 motion but attached the *Affidavit* of counsel pursuant to § 144.[13] Assuming *arguendo* that the *Affidavit* of counsel is timely and factually sufficient, Fifth Circuit jurisprudence requires that a **party,** not counsel, execute an affidavit attesting to judicial bias "for or against **a party**"[14] In *Pomeroy v. Merritt Plaza Nursing Home Inc.*, the Fifth Circuit held that "[a] court may not grant relief under § 144 if a party's counsel instead of the party executes an affidavit alleging personal bias or prejudice."[15] Given that Plaintiffs' counsel, and not a party, executed the § 144 affidavit, the Court finds that the submitted *Affidavit* is insufficient per Fifth Circuit jurisprudence and a plain reading of the statute. Additionally, the *Affidavit* is devoid of any factual attestations that the Court is biased for or against any **party** in the present litigation. Accordingly, Plaintiffs' *Motion for Recusal* based upon § 144 is DENIED.

**B. Recusal Under § 455**

1. <u>§ 455(b)(2)</u>

§ 455 (b)(2) states:

> [Any justice, judge, or magistrate judge of the United States shall be disqualified] where in private practice he served as [a] lawyer in **the** matter in controversy, or a lawyer with whom he previously practiced law served during such association as

---

[12] 28 U.S.C. § 144.
[13] *Id*. Note 10. *Counsel's Affidavit to Recuse Judge Shelly Dick under Rule 28 U.S.C. 144*, Rec. Doc. 38.
[14] *See U.S. v. Andrade-Perez*, 66 F.3d 321 (5th Cir. 1995)(citing *In re Cooper*, 821 F.2d 833, 838 (1st Cir. 1987)("In the present case, no *party* filed an affidavit stating [the Judge] was biased either for or against a *party*. Rather, the affidavit was filed by an attorney, [], alleging bias against various attorneys. No grounds for believing [the Judge] was biased personally against either [party] were stated. Rather, the gist of the affidavit was that [the Judge's] allegedly prejudicial rancor against the attorneys would be transferred to the defendants and prevent a fair trial.")(emphasis original))). *See also Roberts v. Bailar*, 625 F.2d 125, 127 (6th Cir. 1980)("Section 144 expressly requires the 'party' to execute the document.")(emphasis added).
[15] 760 F.2d 654, 658-59 (5th Cir. 1985).
39378

a lawyer concerning the matter, or the judge or such lawyer
has been a material witness concerning it;[16]

A plain and unstrained reading of §144 indicates that "the matter in controversy" means the litigation presently before the Court. The undersigned Judge did not serve as counsel in the present litigation. None of the lawyers at the undersigned Judge's prior firm served as counsel in the present litigation. Neither the undersigned Judge, nor any lawyer with whom the undersigned Judge was previously associated, will serve as a material witness in the present litigation. Given these facts, Plaintiffs' *Motion to Recuse* per § 455 (b)(2) is DENIED.

### 2. § 455(e)

This statute states in relevant part: "No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b)."[17] As there are no grounds for disqualification under § 455 (b)(2), the waiver provisions of § 455(e) are inapplicable. Furthermore, neither party has sought "a waiver of any ground for disqualification enumerated in subsection (b)." Accordingly, Plaintiffs' *Motion to Recuse* based upon § 455 (e) is DENIED.

### 3. § 455(a)

§ 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[18] The "goal of this statute is to promote public confidence in the judicial

---

[16] §455(b)(2) (emphasis added). Movant misquotes §455(b)(2) in its brief arguing that it reads "where in private practice he served as a lawyer in **a** matter in controversy…"(emphasis added); Rec. Doc. 39-4, p. 1.
[17] 28 U.S.C. § 455(e).
[18] 28 U.S.C. § 455(a).
39378

system by avoiding even the appearance of partiality."[19] Plaintiffs "must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality."[20] In analyzing the circumstances which Movants contend manifest alleged impartiality, it is not the Court's role to affirm or dispute the factual allegations or arguments of Movants. The Court "[makes] no findings of fact relating to [the alleged] events."[21] Rather, the Court will restrict its analysis to the allegations enumerated as "FACTS REQUIRING RECUSAL" set forth in Plaintiffs' *Memorandum in Support of Plaintiffs' Motion to Recuse under Rule 28 U.S.C.A. § 455.*[22]

In a nutshell, Movants contend the undersigned Judge lacks impartiality because Movants' counsel represented a litigant in a legal malpractice case against the undersigned Judge's former law firm - a claim that arose and was initiated against the successor to the undersigned Judge's former law firm more than a year after the undersigned Judge was appointed to the bench and was no longer affiliated with the undersigned Judge's prior firm or its successor.

    a. *Nuchler* Case

On March 8, 2007, before the undersigned Judge was nominated to the federal bench, the undersigned Judge's prior law firm[23] accepted an engagement to represent Michele Giroir ("Giroir") pertaining to the wrongful death of Giroir's ex-husband and the father of Giroir's two minor children.[24] According to Movants, "Judge Dick prosecuted the

---

[19] *Vincent v. City of Sulphur*, 13-189, 2016 WL 2904966, at *1 (W.D.La. May 8, 2016)(quoting *Levitt v. University of Texas at El Paso*, 847 F.2d 221, 226 (5th Cir. 1988))(internal quotations omitted).
[20] *Maringo v. Department of Homeland Sec.*, 351 Fed. Appx. 867, 869 (5th Cir. 2009)(quoting *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982).
[21] *Vincent*, 2016 WL 2904966 at *1.
[22] Rec. Doc. 40-4.
[23] Forrester, Jordan & Dick, LLC, Rec. Doc. 39-4, ¶2.
[24] *Id.*
39378

case for years, 2007 through 2012, thoroughly [and] Judge Dick was very close to the client and active in the case."[25] The undersigned Judge "was sworn into office as a federal judge in May of 2013" and, "[a]fter Dick's appointment, the [*Nuchler*] case was assigned to Amanda Clark, of the Forrester Law Firm"[26]  In 2014, the *Nuchler* case was dismissed for abandonment.[27]  Thereafter, Giroir hired counsel for the Plaintiffs herein "to sue Amanda Clark and the Law Firm of Forrester & Clark."[28]  A legal malpractice suit against Amanda Clark and the Forrester & Clark firm ensued.[29]  Movants aver that, "according to the attorney for the [the firm's] insurer, [the undersigned Judge] was aware that her [former] law firm was sued relating to one of her cases, and she could face embarrassment as her deposition was the first to be requested and she could be implicated in the abandonment of the case."[30]  The undersigned Judge never received a *subpoena* for a deposition for the malpractice suit.  The malpractice claim against Clark and the firm was mediated on April 19, 2016 and resolved.[31]

Pursuant to Canon 3 of the Code of Judicial Conduct, the undersigned Judge severed all financial ties with her former firm upon her judicial appointment.[32]  The undersigned Judge is not financially liable to, nor does she receive any financial benefit from, the operation of the successor law firm that was sued by Movants' counsel.  The undersigned Judge would not have received a fee from the settlement of the *Nuchler* case.  In *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, movants argued for

---

[25] Rec. Doc. 40-4, p 3. ¶ 2.
[26] Rec. Doc. 40-4, pp.3-4, ¶¶ 3-4.
[27] *Id.*
[28] Rec. Doc. 40-4, p 4, ¶ 5.
[29] Rec. Doc. 40-2, filed November 2, 2015.
[30] Rec. Doc. 40-4, pp. 4-5 at ¶ 7.
[31] *Id.*, at ¶¶ 9-10.
[32] *See Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1170, n. 5 (5th Cir. 1982).
39378

recusal because the judge's former law firm may suffer indirectly based upon the case. The judge in *Chitimacha*, unlike the present case, "ha[d] received periodic payments from his former lawfirm [in accordance with Canon 3]." In weighing these facts, the Fifth Circuit held that, "at best, this speculation is remote and unrealistic. It does not justify disqualification."[33] Like *Chitimacha*, the facts in this case also weigh against the undersigned Judge disqualifying herself. The undersigned Judge does not receive any payments from the successor law firm, nor is she financially liable for any alleged malpractice of the successor firm. Additionally, the undersigned Judge did not receive, nor did she intend to receive, a fee from the settlement of the *Nuchler* case after her appointment to the bench. Given the above facts, in conjunction with the Fifth Circuit's holding in *Chitimacha*, the Court finds that a reasonable person would not "harbor doubts about the judge's impartiality."[34]

### b. Plaintiffs' Counsel's *ex parte* Communications

Shortly after the instant case was removed to this Court, Plaintiffs' counsel began a series of attempted *ex parte* communications with the Court, through Chambers staff. Movants claim that Plaintiffs' counsel "believed [the Court] should be made aware of the situation and the fact that the [Plaintiffs' counsel] in this case is the same counsel that sued her former firm successfully…"[35] Movants allege that, "as soon as [Plaintiffs' counsel] learned of the allotment," Movants' counsel called the Court and "had a detailed conversation with the [Court's secretary] about the wrongful death case…"[36]

---

[33] *Id.* at p. 1167.
[34] *Id.*
[35] Rec. Doc. 40-4, p. 6, ¶14.
[36] *Id.* at ¶ 15 and 16.
39378

In brief, Movants aver that, "[o]ut of fear of being sanctioned, undersigned counsel asked the Secretary to convey to the Judge that plaintiffs' counsel in this case was the same counsel [who represented Giroir in the legal malpractice case] and asked whether [he] should file a Motion to Recuse for all of the reasons set forth above."[37] According to Movants, "[t]he Secretary assured counsel that she would discuss it with the Judge and get back to him."[38] Plaintiffs' counsel again attempted *ex parte* communication with the Court when he called Chambers a week later and asked if the Judge had made a determination as to whether he should file a motion to recuse. Movants aver that the secretary confirmed that she had spoken with the Judge and that the Judge wanted to know whether the case was pending. Plaintiffs' counsel stated that the case had just settled, the checks were received, and he considered the case closed. Movant avers that the Court's secretary called Plaintiffs' counsel days later and stated that there was no need to file a Motion to Recuse given that the *Nuchler* case was closed.[39]

### c. Adverse Ruling and Subsequent Telephone Status Conference

Immediately following the Court's holding on Defendants' *Motion to Dismiss*,[40] counsel for Plaintiffs contacted the Court's Chambers to request an expedited telephone status conference.[41] Movants argue that "the ruling was so contrary to the law, it became clear that the Judge was personally biased against plaintiffs' counsel and there was no chance of the plaintiffs getting fair motion practice nor a fair trial."[42] "After reading the

---

[37] *Id.* ¶ 17.
[38] *Id.* at p. 7.
[39] *Id.* at ¶ 21.
[40] Rec. Doc. 31.
[41] Counsel for the Plaintiff faxed a letter to the Court requesting a telephone status conference. Rec. Doc. 40-4, pp. 8-9, ¶ 28.
[42] Rec. Doc. 404, p. 8.
39378

Court's ruling, [he] immediately knew that a Motion for New Trial/Reconsideration was needed" and sought relief from the Court for an extension of filing deadlines.[43] Upon receipt of a fax requesting a telephone status conference, Chambers staff called Plaintiffs' counsel's office with instructions to file a motion for a status conference. Movants allege that it "was unclear as to whether the Judge was asking plaintiffs' counsel to file a Motion for Extension of Time to File a Motion for New Trial or a Motion for Telephone Status Conference."[44] Plaintiffs' counsel again called Chambers seeking clarification and was advised that "the Judge cannot consider a letter requesting a status conference and that a formal Motion for Telephone Status Conference needed to be filed."[45] Plaintiffs filed an *Ex Parte Unopposed Motion for Expedited Telephone Status Conference.*[46] The Court granted the motion and set a telephone status conference for the following morning at 9:45 a.m.[47] Movants' counsel's stated objective for the status conference was "to discuss options available to handle the situation" of Plaintiffs needing additional time to file a Motion for New Trial due to an impending surgery for which Plaintiffs' counsel was scheduled.[48]

During the telephone status conference, the Court advised that it would grant Plaintiffs an extension of the *Motion for New Trial* briefing deadlines.[49] Despite receiving the relief requested, Movants aver that:

---

[43] *Id.*
[44] *Id.* at p. 9.
[45] *Id.* p. 9, ¶ 31.
[46] Rec. Doc. 32.
[47] Rec. Doc. 34.
[48] Rec. Doc. 32-1.
[49] *See* Rec. Doc. 35.
39378

> 35.
> Throughout the status conference, the Judge's tone was that of anger and/or frustration, as if we were wasting her time. Clearly, the Judge was withholding thoughts.
>
> 36.
> Being deeply concerned at this point because of the Judge's erroneous ruling and now her tone throughout the conversation, plaintiffs' counsel felt obligated to ask the Judge, "Are we ok?" Not clear as to the question, Judge Dick asked what was meant, to which counsel said "Are you upset with me for something that I am not aware of?" The Judge responded: "next time you or your office calls my office I expect you and your staff to be polite and respectful." This confirmed Counsel's suspicion that the Judge was upset with the plaintiffs' Counsel, and, just as disturbing, is the fact that the Judge would not have expressed this without being asked.
>
> 37.
> Affiant responded that in the two or three brief conversations with her office, there was absolutely no rudeness nor disrespect whatsoever, stunning plaintiffs' counsel. The Judge said: 'I'll just chalk this up to a miscommunication between you and my staff.'[50]

The question before the Court is: would alleged terseness or impatience exhibited by a judge toward a lawyer in a case cause a reasonable person, who knows all of the circumstances, to harbor doubts about the judge's impartiality. The United States District Court for the Western District of Louisiana examined this issue under similar facts in *Vincent v. City of Sulphur*.[51] The court in *Vincent* "addressed claims made by chambers staff that Vincent had behaved rudely."[52] In that case, the court reminded Vincent, a *pro se* litigant, of his responsibility "to be courteous with our staff and that, if we determined that he had not been, we might have a problem."[53] Like the *Vincent* court, this Court "[makes] no findings of fact relating to those events."[54] The court in *Vincent* found that

---

[50] Rec. Doc. 40-4, pp. 9-10, ¶¶ 35-37.
[51] 13-189, 2016 WL 2904966 at *1 (W.D. La., May 18, 2016).
[52] *Id.*
[53] *Id.* (internal citations omitted).
[54] *Id.*

39378

reminding counsel, or a *pro se* litigant, of his obligation to remain courteous showed "no partiality or lack of propriety [was] reflected by the brief admonition and this claim does not show grounds for recusal or disqualification."[55] This Court likewise finds that reminding Plaintiffs' counsel to be respectful in communicating with Chambers is not grounds for recusal or disqualification.

According to Movants' brief, after the Court advised Plaintiffs' counsel "I'll just chalk this up to a miscommunication between you and my staff,"[56] Plaintiffs' counsel asked the undersigned Judge if "she was, in any way, upset with me for filing a legal malpractice case against her friends and former Law Firm regarding a case she signed up and for which she was ultimately responsible."[57] Movants aver that the undersigned Judge responded that it was the first time that she was learning the Plaintiffs' counsel was the attorney who handled the *Nuchler* malpractice case.

It is averred that Plaintiffs' counsel found "this statement so terribly troublesome," and "at that point [Plaintiffs' counsel] reached the only reasonable conclusion, which is either the Secretary never discussed the issue with the Judge and kept the matter to herself and misleading Plaintiffs' counsel, or that the Judge did not recall these very significant facts that the Secretary represented that she did discuss with the Judge."[58] Framing the issue in this manner excludes the possibility that the undersigned Judge did not recall Plaintiffs' counsel's *ex parte* communication with Chambers staff because it had no bearing on the present case. It is alleged that, at the conclusion of the telephone

---

[55] *Id.* at *2.
[56] Rec. Doc. 40-4, p. 10, ¶37.
[57] *Id.*
[58] *Id.* at pp. 11-12.
39378

status conference, the undersigned Judge told Plaintiffs' counsel, "if you want to file a motion to recuse, then do so."[59]

Plaintiffs' counsel argues the undersigned Judge "was obliged to recuse [herself] immediately, without the need for the plaintiff to make such a request," and that "this Motion to Recuse should never have been required, had the Judge considered this objectively.[60] As discussed above, the undersigned Judge had no basis to recuse herself. The only colorable argument for recusal is that there was an allegedly terse or contentious dialogue between the undersigned Judge and counsel for Movants. "Friction between court and counsel does not constitute bias."[61] In *Trevino v. Johnson*, the Fifth Circuit stated that "[a] showing of potential bias by a judge against a party's attorney does not generally suffice to require a judge to disqualify himself or herself under § 455(a)."[62] The court in *Trevino* held, "in passing on questions of disqualification [the court]…should determine the disqualification on the basis of conduct which shows bias or prejudice or lack of impartiality by focusing on a party rather than counsel; 'Friction between court and counsel does not constitute bias.'"[63] In this case, there is no demonstration that that the undersigned Judge has exhibited bias or impartiality against the *party* Plaintiffs. The Plaintiffs requested and were granted an immediate telephone status conference for the purposes of addressing their need for additional time to submit briefs in support of a

---

[59] *Id.* at p. 12.
[60] *Id.* at p. 13.
[61] *Trevino v. Johnson*, 168 F.3d 173, 179 (5th Cir. 1999)(citing *FTC v. Amy Travel Serv., Inc.,* 875 F.2d 5654, 576 n. 13 (7th Cir. 1989)).
[62] *Id.*
[63] *Id.* (citing *In re Cooper,* 821 F.3d 833, 838 (1st Cir. 1987).
39378

motion for new trial. The Court granted Plaintiffs an extension of its briefing schedule, preserving Plaintiffs' procedural rights, while their counsel attended to his medical needs.

An adverse ruling is not grounds for recusal.[64] The Court's *Ruling* dismissed only one of Plaintiffs' claims with prejudice. Sustaining an argument that every claim dismissed with prejudice is evidence of a judge's bias against a party, where the Court and counsel have had a contentious relationship, would open the floodgates to recusal motions. In *Trevino*, the Fifth Circuit concluded that "a reasonable, well-informed observer would not harbor doubt about [the Judge's] impartiality in adjudicating Trevino's habeas claim, where any potential bias would have been directed against Trevino's attorney and there is no suggestion of bias directed at Trevino himself."[65] As discussed in its *Ruling*,[66] the Court dismissed Plaintiffs' LUTPA claims based upon Fifth Circuit jurisprudence. While Plaintiffs' counsel may disagree, differences in jurisprudential interpretation between counsel and the Court do not serve as a basis for recusal.

The Fifth Circuit in *United States v. Jordan* stated that the reasonable viewpoint standard under § 455(a) is based on how the facts would be viewed by a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person."[67] The Court finds that, after considering all the circumstances alleged, a well-informed, thoughtful and objective observer could not reasonably harbor doubt regarding the undersigned Judge's impartiality. Accordingly, Plaintiffs' *Motion to Recuse* under § 455(a) is DENIED.

---

[64] *See Slangal v. Getzin*, D. Neb. 1993, 148 F.R.D. 691; *In re Marshall,* Bkrtcy. C.D. Cal. 2003, 291 B.R. 855; *In re Jewelcor, Inc.*, Bkrtcy. M.D. Pa. 1994, 166 B.R. 41.
[65] 168 F.3d at 173.
[66] Rec. Doc. 31, p. 7.
[67] 49 F.3d 152, 156 (5th Cir. 1995).
39378

## III. CONCLUSION

For the above stated reasons, Plaintiffs' *Motion for Recusal of District Judge Shelly D. Dick under 28 U.S.C.A. § 144*[68] and *Motion for Recusal of District Judge Shelly D. Dick under 28 U.S.C.A. § 455*[69] are DENIED.[70]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on June 27, 2017.

                    *[signature]*
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[68] Rec. Doc. 39.
[69] Rec. Doc. 40.

39378