# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| K&F RESTAURANT HOLDINGS, LTD. d/b/a IZZO'S ILLEGAL BURRITO; K&F RESTAURANT OPERATIONS, LLC; G&O PIZZA HOLDINGS, LTD d/b/a LIT PIZZA; G&O RESTAURANT OPPERATIONS, LLC; OSVALDO FERNANDEZ; and A. GARY KOVACS | CIVIL ACTION 16-293-SDD-EWD |

VERSUS

DONALD J. ROUSE, JR.; DONALD J.
ROUSE, SR.; THOMAS B. ROUSE;
ALLISON ROUSE ROYSTER; and
ROUSE'S ENTERPRISES, L.L.C.

## RULING

This matter is before the Court on the *Motion for New Trial/Reconsideration*[1] filed by Plaintiffs, K&F Restaurant Holdings, Ltd. et al ("Plaintiffs"). The Defendants, Donald J. Rouse, Jr., et al. ("Defendants") have filed an *Opposition*[2] to this motion. For the following reasons, the Court finds that Plaintiffs' motion should be DENIED.

## I.   FACTUAL BACKGROUND

This case was removed from the 19th Judicial District Court on April 29, 2016.[3] On February 2, 2017, the Court issued a ruling wherein Plaintiffs' Louisiana Unfair Trade Practice Act ("LUTPA") claims were dismissed with prejudice due to peremption.[4] The Court also dismissed without prejudice Plaintiffs' claims for tortious interference with a

---

[1] Rec. Doc. 41.
[2] Rec. Doc. 57.
[3] *See* Rec. Doc. 1.
[4] Rec. Doc. 31, p. 14.
39780

business relationship, product defamation and/or disparagement, civil conversion, and conspiracy.[5] The Court denied Defendants' motion to dismiss Plaintiff's Louisiana trademark claims.[6]  On February 21, 2017, Plaintiffs' counsel filed a motion for new trial/reconsideration, pursuant to Federal Rule of Civil Procedure 59, alleging the Court committed "manifest errors" in its *Ruling*.[7]  The Defendants have opposed this motion.[8]

## II.    LAW AND ANALYSIS

### A.  Motion for New Trial and/or To Alter or Amend the Judgment

Unlike the broad discretion Congress has given to district courts when considering a Rule 60 motion for new trial, a Rule 59 motion to alter or amend serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the judgment."[9] A Rule 59(e) motion "calls into question the correctness of a judgment."[10] It is an extraordinary remedy that should be used sparingly.[11]

There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice."[12]

---

[5] *Id.*
[6] *Id.*
[7] Rec. Doc. 45, p. 6.
[8] Rec. Doc. 57.
[9] *Knight v. Kellogg Brown & Root Inc.*, 333 Fed. Appx. 1, 8 (5th Cir. 2009).
[10] *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002).
[11] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004); *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D.La.2000) (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed.1995)).
[12] *Williamson Pounders Architects, P.C.*, 681 F.Supp.2d 766, 767 (N.D.Miss. 2008).
39780

The Court finds that Plaintiffs have failed to satisfy the standards set forth above. Plaintiffs' LUTPA argument is a repackaging of the continuing violation theory which the Court has determined does not apply to this case.  Plaintiffs' remaining arguments do not establish any clear errors of law or manifest injustice as a result of the *Ruling*.

### B. Conspiracy

Plaintiffs' motion alleges the Court's holding was erroneous because it did not adequately consider the factual allegations in the petition, and the Defendants' alleged acknowledgment that Plaintiffs had established a conspiracy claim.  The Court evaluated and considered all allegations of Plaintiffs' petition in its *Ruling* and found that Plaintiffs' conspiracy claim did not survive Defendants' 12(b)(6) challenge.  Plaintiffs also argue that the Court's *Ruling* was erroneous because "it fails to reconcile the apparent conflict presented by Defendants' own motion."[13]  Plaintiffs interpret footnote 80 in Defendants' *Motion to Dismiss* as an "acknowledgment that Plaintiffs have successfully alleged 'predicate acts' for purposes of stating their RICO claim."[14]  This is a new legal argument that was not raised in Plaintiffs' *Opposition* and is, thus, not properly before the Court on a motion for reconsideration.[15]  Furthermore, in the Court's view, Defendants did not acknowledge in footnote 80 that Plaintiffs had successfully pled a predicate act but merely stated: "Like conspiracy, RICO requires the existence of 'predicate acts' and is not, in and of itself, a tort."[16]  Accordingly, Plaintiffs' motion is DENIED as to conspiracy claims.

---

[13] Rec. Doc. 45, p. 8.
[14] Rec. Doc. 45, p. 8.
[15] "A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Pender v. Barron Builders & Management Co.,* 298 Fed. Appx. 298, 299, (5th Cir. 2008).
[16] Rec. Doc. 5, p. 20, n. 80.
39780

**C. LUTPA**

Plaintiffs allege the Court's ruling on its LUTPA claims was clearly erroneous because: (1) there was a mischaracterization of the juridical acts ("acts"); (2) the Court did not apply the plain language of La. R.S. 51:1409(a)("1409(a)") in conjunction with La. R.S. 51:1409(e)("1409(e)"); and (3) the Court failed to acknowledge that the continuing violation theory applied.

Plaintiffs argue the three juridical acts in question were improperly characterized as leases because one of the acts was entitled "restrictive covenant." Even so, Plaintiffs appear to concede that all three acts were properly classified and analyzed as leases: "Taking into full consideration the effects of **appropriately classifying the juridical acts as lease agreements**, one must conclude that Defendants are uniquely bound, *synallagmatically*, to a certain course of conduct as long as the agreements remain in force."[17] Plaintiffs' statutory support for the alleged misclassification supports the Court's classification. The Court analyzed all three juridical acts as leases and determined that the continuing violation doctrine did not apply.[18] Given that Plaintiffs contend the acts should be considered leases, and the Court considered the acts as leases, there appears to be no discrepancy between what Plaintiffs argue and the Court's holding on this matter.

Plaintiffs next advance a new legal argument in this motion– the relevant "acts" are the acts of the developers, not the leases. This argument is an attempt to re-argue the application of the continuing violation doctrine. Such an argument is improper in a motion

---

[17] Rec. Doc. 45, p. 10 (emphasis added).
[18] Rec. Doc. 31, p. 7 ("In support of their continuing violation theory, Plaintiffs point to the continued existence of these discriminatory provisions. However, for the reasons stated above, this proposition has not been recognized as an act meriting the application of the continuing violation doctrine to a LUTPA claim under applicable jurisprudence.")(internal quotations omitted).
39780

for reconsideration.[19]   As discussed below, the relevant acts are the leases, not the actions flowing from the leases.

As their second basis for arguing that the Court's ruling was erroneous, Plaintiffs argue that the Court misapplied the text of 1409(a) as it applies to 1409(e).  Plaintiffs' argument centers on the fact that the Court allegedly failed to properly apply 'act' as it appears in 1409(a).  1409(a) states:

> Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages.[20]

According to Plaintiffs, "under the plain language [of the statute], the peremptive period commences to run from the date when a plaintiff suffers *any* ascertainable loss, or in other words, when a plaintiff sustains damages."[21]   Plaintiffs argue "Defendants' blocking of Plaintiffs' companies merely one month before Plaintiffs' Petition was filed"[22] resulted in Plaintiffs suffering an alleged monetary loss, making Plaintiffs' LUTPA claims not subject to the one year peremptive period.  Notably, Plaintiffs concede that they "were explicitly advised by a commercial real estate developer in Livingston Parish that **by virtue of the June 18, 2013 lease agreement**, the Defendants had effectively excluded [Plaintiffs.]"[23]

Lastly, Plaintiffs suggest the Court's ruling was manifestly erroneous because it failed to acknowledge the continuing violation theory.  Plaintiffs failed to establish their

---

[19] *See supra* note 13.
[20] La. R.S. 51:1409 (A).
[21] Rec. Doc. 45, p. 12 (emphasis original).
[22] *Id.*
[23] Rec. Doc. 10, p. 8 (emphasis added).
39780

entitlement to the application of the continuing violation doctrine in their opposition, and the Court found that the LUTPA claims were perempted under 1409(e).  The Fifth Circuit's holding in *Tubos de Acero de Mexico S.A. v. American International Investment Corporation, Inc.*,[24] precludes the application of the continuing violation theory to this case: "A continuing violation is occasioned by unlawful acts, not the continuation of the ill effects of the original wrongful act."[25]  Plaintiffs allege LUTPA violations would not have occurred but for the juridical acts executed by Defendants, and these acts were executed more than one year before Plaintiffs' complaint was filed.  "The fact that Plaintiffs continue to be impacted by the ill effects of the juridical acts does not merit application of the continued violation doctrine."[26]  Furthermore, the court in *Tubos de Acero de Mexico* clearly held that "the doctrine of *contra non valentum*, which suspends the running of prescription where the cause of action is not known or reasonably knowable by the plaintiff, **is inapplicable to a peremptive period**."[27]  The Court acknowledges that it erroneously stated that Plaintiffs' LUTPA claims were dismissed with prejudice as "prescribed", rather than perempted; however, this semantic error does not change the result.  The Court applied a peremption analysis to the Plaintiff's LUTPA claims.[28] Plaintiff fails to demonstrate that the Court's analysis and findings were clearly erroneous. Accordingly Plaintiffs' motion is DENIED on this claim.

---

[24] 292 F.3d 471, 482-83 (5th Cir. 2002).
[25] *Naquin v. Berryland Campers, LLC.,* No. 14-2133, 2014 WL 6981944, at * 3 (E.D. La. Dec. 9, 2014)(quoting *Crump v. Sabine River Auth.,* 98-2326 (La. 9/17/99); 737 So.2d 720, 728; *Tubos de Acero de Mexico, S.A.*, 292 F.3d at 483.
[26] Rec. Doc. 31, p. 7 (internal quotations omitted).
[27] 292 F.3d 471, 490, n.4 (emphasis added).
[28] Rec. Doc. 31, p. 14.
39780

### D.  TORTIOUS INTERFERENCE WITH A CONTRACT

Plaintiffs argue that the Court's *Ruling* is erroneous because it only considers Paragraph 37 of their petition and is contrary to Federal Rule of Civil Procedure Rule 9. To the Plaintiffs' first contention, the Court clearly footnoted Paragraph 8 of Plaintiff's petition in its *Ruling*.[29]  Plaintiffs must comply with the procedural requirements under the Federal Rules of Civil Procedure and satisfy the substantive requirements under Louisiana law to state a claim for tortious interference with a business relationship.[30]  The Court evaluated and determined that Plaintiffs did not allege the substantive requirements for a tortious interference with a business relationship claim under Louisiana law in its *Ruling*.  Accordingly, the Court's *Ruling* was not clearly erroneous, and Plaintiffs' motion is DENIED on this claim.

### E.  PRODUCT DEFAMATION

Plaintiffs argue that the petition and its attachments, together with the *First Amended Complaint*, clearly established their product defamation claim.  The Court cannot consider Plaintiffs' *Amended Complaint* as it was not the subject of the Court's *Ruling* and was filed after the *Ruling* was issued.  The Court considered Plaintiffs' factual allegations as well as the substantive requirements under Louisiana law for a defamation and product disparagement claim and found that Plaintiffs had not properly alleged these requirements.  Accordingly, the Court's *Ruling* was not clearly erroneous, and Plaintiffs' motion is DENIED on this claim.

---

[29] Rec. Doc. 31, p. 8: "Once again, Plaintiffs support their pleading with the conclusory statement that Defendants "have harbored significant and substantial malice towards Izzo's as a result of the incident from February of 2012.""(quoting Rec. Doc. 1-1).

[30] *See Restivo v. Hanger Prosthetics & Orthotics, Inc.*, 483 F.Supp.2d 521, 537 (E.D. La. Apr. 11, 2007). 39780

### F.  CONVERSION

Plaintiffs argue that the Court's *Ruling* on their conversion claims "appears to be clearly erroneous because it fails to acknowledge that Rouse's has continuously and illegally used Izzo's recipes in the Rouse's burrito bars in its stores across the state and country."[31]   In its *Ruling*, the Court granted Defendants' *Motion to Dismiss* Plaintiffs' conversion claims pursuant to Local Rule 7(f) because Plaintiffs did not respond to Defendants' motion on this claim.[32]   The Court also found that Defendants' motion had merit.[33]   Plaintiffs provide no jurisprudential support for why they should now be able to argue their opposition to Defendants' motion when they failed to present an opposition at the appropriate time.   Accordingly, the Court's *Ruling* was not clearly erroneous, and Plaintiffs' motion is DENIED.

### III.     CONCLUSION

For the above reasons, Plaintiffs' *Motion for New Trial/Reconsideration*[34] is DENIED.   Furthermore, Plaintiffs' *Motion for Oral* Argument[35] is DENIED as moot.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana the 26th day of July, 2017.

_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[31] Rec. Doc. 45, p. 15.July 26, 2017
[32] *See* Rec. Doc. 31, pp. 10-11.
[33] *See Id.* at p. 11.
[34] Rec. Doc. 41.
[35] Rec. Doc. 42.
39780