**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| K & F HOLDINGS, LTD., ET. AL. | CIVIL ACTION |
| VERSUS | 16-293-SDD-EWD |
| ROUSE'S ENTERPRISES, L.L.C., ET AL. | |

**RULING**

This matter is before the Court on the Plaintiffs' *Motion for Recusal of the Hon. Shelly D. Dick.*[1] Defendants, Rouse's Enterprises, L.L.C., et al., ("Defendants") oppose the Motion.[2] For the following reasons, the motion will be GRANTED.[3]

**I.    FACTUAL BACKGROUND**

Plaintiffs own and operate a burrito restaurant chain known as "Izzo's". Plaintiffs allege that in February of 2012, Rouse's, the Defendant grocery store chain, "had somehow stolen possession" of Izzo's proprietary food recipes and that Izzo's "secret, confidential, and proprietary Recipe Book [was found] to be on Rouse's premises, behind the counter of a similarly styled restaurant that appeared to utilize the same cooking methods utilized by Izzo's."[4] Plaintiffs further allege that Defendant Rouse's "harbored significant and substantial malice towards Izzo's…"[5] and engaged in a series of practices

---

[1] Rec. Doc. 118.
[2] Rec. Docs. 123.
[3] Rec. Doc. 131 is denied as moot.
[4] Rec. Doc. 1-1, p. 3, ¶¶ 4 and 6.
[5] Rec. Doc. 1-1, p. 3, ¶ 8.

1

which had the effect of excluding Izzo's from developing or opening restaurants at certain identified sites.[6]

On April 15, 2016, Plaintiffs sued Rouse's in state court, alleging (1) violation of Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. § 51:1401 *et seq.* ("LUTPA"); (2) state law tort claims, including tortious interference with a contract, product defamation, and civil conspiracy; (3) trademark infringement under state law; (4) conspiracy under state law; and (5) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 *et seq.* ("RICO").[7]

On April 29, 2016, Defendants removed the action pursuant to 28 U.S.C. 1441(a) based on Plaintiffs' federal civil RICO allegations. On May 27, 2016, Rouses filed a *Motion to Dismiss*.[8] While the *Motion to Dismiss* was pending, Plaintiffs moved to remand the matter to state court.[9] On November 22, 2016, this Court denied the Plaintiffs' *Motion to Remand* finding that "Plaintiffs' Petition clearly asserts a federal claim, the court finds that it has original jurisdiction pursuant to 28 U.S.C. § 1331 and removal was proper under 28 U.S.C. § 1441(a)."[10] The Court maintained supplemental jurisdiction over the state law claims.[11]

Thereafter, on February 2, 2017,[12] this Court granted in part and denied in part Defendant Rouse's *Motion to Dismiss*. Immediately thereafter, Plaintiffs' counsel commenced a campaign to disqualify the undersigned. The grounds which Plaintiffs urge

---

[6] Rec. Doc. 1-1, pp. 3 – 8, ¶¶ 8-30; See, Rec. Doc. 1-1, ¶¶ 10-12, 14-18 (regarding Juban Crossing); ¶¶ 13-15 & 19-21 (regarding Long Farm); ¶¶ 21-25 (regarding Berryland).
[7] Rec. Doc. 1-1.
[8] Rec. Doc. 5.
[9] Rec. Doc. 7.
[10] Report and Recommendation, Rec. Doc. 25, adopted by this Court on 11/22/2016, Rec. Doc. 26.
[11] *Id.*
[12] Rec. Doc. 31.

require disqualification are that Plaintiffs' counsel, Robert B. Evans, III, represented another litigant in a legal malpractice claim against the successor to the undersigned's former law firm and former law partner.[13] The malpractice suit against the successor law firm to the undersigned's former law firm and the undersigned's former partner was filed on November 2, 2015 by Plaintiff's counsel on behalf of parties not involved in any way in these proceedings ("Nuschler I Suit").[14] The Nuschler I Suit was fully and finally settled on May 18, 2016[15], just weeks after the captioned matter was removed to this District Court. However, the motion for recusal was not filed until February, 2017, 9 months after removal, but a mere 2 weeks after the Court granted the Defendants' Motion to Dismiss in part.[16]

## II.   THE FIRST RECUSAL MOTIONS

Immediately following partial dismissal of Plaintiffs' claims, Evans contacted Chambers, *ex parte*, to request an extension of time to request a new trial or reconsideration of the partial dismissal. Evans was instructed by Chambers staff to file a

---

[13] On November 2, 2015 Plaintiffs' counsel filed a malpractice suit in state court on behalf of Michelle Girior and Philip Nuschler individually and representatively on behalf of Andrew Nuschler, alleging that successor law firm to the undersigned's former law firm and the undersigned's former law partner committed legal malpractice by allowing a lawsuit that the successor law firm was handling to abate. ("Nuschler I Suit"). Rec. Doc. 123-1. The Nuschler I Suit, filed by Mr. Evans, counsel for the Movants herein' alleges: "At all times pertinent herein, Michelle Giroir hired Forrester & Clark (previously known as Forrester, Jordan & Dick, LLC) to pursue wrongful death and survival claims on behalf of her sons following an automobile accident which killed the boys' father, Mark Nuschler. . . Although Shelly Dick initially handled the claims on behalf of the Petitioners, Shelly Dick was appointed as a federal judge. Thereafter, Amanda Clark took over the file and representation of the Petitioners. . .The Firm prosecuted the case and continued working the case until July 5, 2011, after which time no work was performed by the Firm. [Citing to Exhibits]. . .The [successor] Firm failed to take any action in the case after July 5, 2011. Consequently, the case became abandoned as a matter of law under La.C.C.P. Art 561 on July 5, 2014." Rec. Doc. 123-1, ¶¶ 5-8.
[14] Rec. Doc. 123-1.
[15] The Judgment approving the Settlement of the minor's claims provides that "in full satisfaction of all claims, rights, injuries, and damages" and for "the release of all claims for damages" against any defendants "and any and all of its officers, directors, shareholders, agents, servants, employees, attorneys, partners, predecessors, successors, related entities and assigns and insurers of such persons, and any other natural persons or entity who might be liable with them . . . ."  Rec. Doc. 123-3.
[16] Plaintiff attempts to explain the delay by positing that he called undersigned's Chambers and spoke to the secretary to inquire whether a Motion for Recusal would be necessary. Rec. Doc. 38, 40-4.

3

Motion for status conference.[17] Upon Plaintiffs' Motion for an expedited status conference[18], the Court scheduled a telephone status conference for the next morning.[19] Both parties participated in a telephone status conference on February 9, 2017, at which time the Plaintiffs requested an extension of the Rule 59 deadlines due to Evans' stated medical needs.[20] The Court granted an extension of the Rule 59 briefing dates as requested.[21] Briefing deadlines for the submission of memorandum in support of a new trial and/or reconsideration of the partial dismissal ruling were extended to March 15, 2017. On February 21, 2017, Plaintiffs filed two (2) *Motions to Recuse*, one pursuant 28 U.S.C §144 and one pursuant to 28 U.S.C. §455.[22]

The timing of these Motions to Recuse were suspect at the least. Plaintiffs knew of the alleged bias and/or appearance of impropriety 9 months before filing recusal motions, but waited until 2 weeks after an adverse ruling to raise the issue.[23] The clear untimeliness notwithstanding, the Court denied the initial recusal motions for lack of merit.[24]

---

[17] Rec. Doc. 39-4, p. 6, ¶ 15.
[18] Rec. Doc. 32.
[19] Rec. Docs. 33 and 34.
[20] Plaintiffs represented that "On Monday, February 20, 2017, Plaintiffs' counsel will undergo back surgery that requires at least two (2) weeks of mandatory bed rest." Rec. Doc. 32-1, ¶ 2.
[21] Rec. Doc. 35 *Order* provides: "The plaintiffs shall file any Rule 59 Motions in accordance with the deadlines as set forth in FRCP 59(b) and file Affidavits in support of the Motion, if any, in accordance with the deadlines as set forth in FRCP 59(c). Plaintiffs stated good cause, and is hereby granted an extension to file its Memorandum in support of any Rule 59 Motion until March 15, 2017."
[22] Rec. Docs. 39 and 40. Additionally, Plaintiffs filed an *Affidavit of Recusal Under 28 U.S.C. §144*, Rec. Doc. 38. Notably, the recusal motions were filed 1 day after the Plaintiffs' counsel "mandatory best rest" period but 3 weeks before the Plaintiffs filed their *Memorandum in Support Motion for New Trial, Rec. Doc. 45,* after requesting and receiving an extension of the Rule 59 deadlines owing to Plaintiffs' counsel's medical needs.
[23] *Hill v Schilling*, 495 F. App'x. 480, 483-484 (5th Cir. 2012), noting that the timeliness requirements under Sections 144 and 455 are the same and holding that "the closest thing to per se untimeliness" is "when a party already knows the facts purportedly showing an appearance of impropriety but waits until after an adverse decision has been made by the judge before raising the issue of recusal".
[24] Rec. Doc. 102. The Plaintiffs' Motion for Recusal based upon §144 was denied for the reasons that Affidavit was devoid of any factual attestations that the Court was biased for or against any party in the present litigation and for the additional reason that the Affidavit was incompetent as a matter of law per

## III. THE INSTANT RECUSAL MOTION

The Court denied the Plaintiffs' Motion to reconsider the Court's partial dismissal of claims on June 27, 2017.[25] Immediately thereafter, Plaintiffs' counsel resorted to suing the undersigned Judge personally in what can only be seen as a blatant effort to provoke recusal.[26] The instant Motion for recusal is brought under 28 U.S.C. §455(a) which provides that "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Plaintiffs argue that recusal is required "on the grounds that bias against undersigned [Counsel] for filing a lawsuit against [the undersigned Judge] will demonstrate bias against the (*party*) Plaintiffs".[27] Plaintiffs argue that the Court's impartiality must be questioned because Plaintiffs' counsel, Robert Evans, III, represents other parties in other lawsuits who have sued the Judge.

## IV. LAW AND ANALYSIS

Under 28 U.S.C. §455(a), disqualification is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown.[28] "A party introducing a motion to recuse carries a

---

Fifth Circuit jurisprudence and a plain reading of 28 U.S.C. §144. The Plaintiffs' Motion for Recusal based upon § 455 was denied for the reasons that none of the specific recusal criteria under §455(b) existed and denied under §455(a) for the reason that no well-informed, thoughtful, and objective observer could reasonably harbor doubt regarding the undersigned Judge's impartiality.

[25] Rec. Doc. 102.

[26] Plaintiffs submit an unfiled copy of the State Court suit against the undersigned. Rec. Doc. 118-2. However, the undersigned was served at the Federal Court House by a Sherriff's Deputy and again by a private process server on 8/14/2017 with a State Court suit bearing a file stamp date of 7/6/2017.

[27] Rec. Doc. 118-1, p. 4.

[28] *Liteky v. U.S.*, 510 U.S. 540 (1994); *U.S. v. Jordan,* 49 F.3d 152 (5th Cir.1995).

heavy burden of proof; a judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise."[29]

A challenge to a judge's presumed impartiality is subject to an objective test which requires a judge to recuse herself when a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.[30] In the context of a motion to recuse, the reasonable person standard contemplates a well-informed, thoughtful, and objective observer, rather than the hypersensitive, cynical, and suspicious person.[31] The Court has a duty to recuse itself where any of the statutory grounds set forth in § 455 exist; however, there is a corresponding duty not to do so if cause for recusal has not been shown. "Judges have an obligation to litigants and their colleagues not to remove themselves needlessly, because a change of umpire in mid-contest may require a great deal of work to be redone . . . and facilitate[s] judge-shopping."[32]

A court's ruling against a party almost never constitutes a valid basis for recusal based on judicial bias.[33] Likewise, lawsuits or complaints filed against the Judge do not ordinarily require recusal. In *Jones v. Pittsburgh Nat'l. Corp.*[34] the court of appeal upheld the district court's denial of a motion to recuse where the plaintiff had filed a complaint against the district Judge with the Judicial Inquiry Board. In this case, the lawyer for

---

[29] *Jackson v. Napolitano*, No. 11-00022-BAJ-SCR, 2013 WL 4895784, at *1 (M.D. La. Sept. 11, 2013)(quoting *Fletcher v. Conoco Pipe Line Co.,* 323 F.3d 661, 664 (8th Cir. 2003)); *see also* Stephen E. Arthur & Robert S. Hunter, Federal Trial Handbook Civil § 9:29 (4th ed. 2017).
[30] *Republic of Panama v. American Tobacco Co., Inc.*, 217 F.3d 343 (5th Cir. 2000).
[31] *Andrade v. Chojnacki*, 338 F.3d 448 (5th Cir. 2003); *U.S. v. Jordan,* 49 F.3d 152 (5th Cir. 1995); *Trust Company of Louisiana v. N.N.P. Inc.,* 104 F.3d 1478, 1491 (5th Cir. 1997).
[32] *In re National Union Fire Insurance Company of Pittsburgh,* 839 F.2d 1226, 1229 (7th Cir.1988)(internal citation omitted); *Barnett v. City of Chicago,* 952 F.Supp. 1265, 1270 (N.D.Ill.1997); *U.S. v. Cleveland*, No. 96-207, 1997 WL 222533, at *13 (E.D. La. May 5, 1997).
[33] *Liteky v. U.S.*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966))).
[34] 899 F.2d 1350, 1355 (3rd Cir. 1990).

another party in a different case before a different court, not a party before the Court, has filed a lawsuit against the undersigned. Bias for or against an attorney, who is not a party before the court, is not enough to require disqualification unless it can also be shown that such a controversy would demonstrate a bias for or against the party itself.[35] In order for bias against an attorney to require disqualification of the trial judge, it must be of a continuing and personal nature and not simply bias against the attorney or in favor of another attorney because of his conduct.[36] It is not lost on the Court that the attorney in this case is attempting to create bias of a continuing and personal nature.

A judge is not disqualified just because a litigant sues or threatens to sue him/her.[37] *A fortiori*, a judge is not disqualified when a litigant's attorney, representing other parties not before the Court, sues or threatens to sue him/her. Obviously, neither a litigant, nor its counsel, should be permitted to judge shop by making written attacks upon, or filing a complaint against, the assigned judge.[38]

Moreover, judges need not recuse themselves merely because they are named as defendants in a meritless action,[39] or merely because they have been personally attacked

---

[35] *Davis v. Board of School Comm'rs of Mobile Cnty.*, 517 F.2d 1044 (5th Cir. 1975); *Hollimon v. Potter*, 365 Fed. Appx. 546, 549 (5th Cir. 2010); *Russell v. Detroit*, No. 2:09-cv-13801, 2010 WL 62853 (E.D. Mich. Jan. 5, 2010).
[36] *Henderson v. Department of Public Safety and Corrections*, 901 F.2d 1288 (5th Cir. 1990).
[37] *In re Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993); *United States v. Studley*, 783 F.2d 934, 939-40 (9th Cir. 1986); *United States v. Grismore,* 564 F.2d 929, 933 (10th Cir. 1977), *cert. denied*, 435 U.S. 954 (1978); *see also United States v. Whitesel*, 543 F.2d 1176, 1181 (6th Cir. 1976), *cert. denied*, 431 U.S. 967 (1977).
[38] *United States v. Bray*, 546 F.2d 851, 857–58 (10th Cir. 1976); *In re Mann,* 229 F.3d 657, 658–59 (7th Cir. 2000) (requiring disqualification every time a litigant files suit against a judge would allow litigants to improperly "judge shop."); *In re Trader,* 419 Fed. Appx. 170, (3rd Cir. 2011).
[39] "[The] tactic of suing federal judges and then seeking their disqualification is nothing more than a tactic to delay and frustrate the orderly administration of justice. Judges should not be held hostage to this kind of tactic and automatically recuse themselves simply because they or their fellow judges on the court are named defendants in a truly meritless lawsuit." *See Jones v. City of Buffalo*, 867 F.Supp. 1155, 1163 (W.D.N.Y. 1994); "Indeed, if a judge's knowledge, whether actual or constructive, that a complaint had been filed against him or his colleague, without more, were sufficient to require recusal, a litigant could 'judge-shop' by filing and then publicly disclosing the filing." *Rafferty v. NYNEX Corp.*, 60 F.3d 844, 848 n. 4 (D.C.Cir. 1995).

by a party in other proceedings.[40] "A party cannot force disqualification by attacking the judge and then claiming that these attacks must have caused the judge to be biased against him."[41] Courts must take care to ensure that motions for recusal are not abused as a litigation tactic.[42]

In deciding whether a lawsuit filed against a judge warrants recusal, a court must consider the underlying purpose and merit of the lawsuit.[43] In addition to lacking merit, the lawsuit brought by Plaintiffs' counsel against the undersigned Judge ("Nuschler II Suit")[44] is untimely on its face.[45] Additionally, the Nuschler II Suit against the undersigned seeks the identical relief sought and recovered by the plaintiffs via settlement of a near identical suit against the successor to the undersigned's former law firm and former partner.[46]

The Nuschler II Suit against the undersigned is a transparent attempt to create bias and hostility in an effort to provoke disqualification. Again, the timing of the most

---

[40] *United States v. Olander*, 584 F.2d 876, 887-88 (9th Cir. 1978), *vacated on other grounds by Minnich v. U.S.,* 443 U.S. 914 (1979); *United States v. Bray*, 546 F.2d 851, 858 (10th Cir. 1976); *United States v. Marshall*, 77 F.Supp.2d 764 (N.D.Tex. 1999).
[41] 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3542, 577-78 (2d ed. 1984).
[42] *Azubuko v. Royal*, 443 F.3d 302, 304 (3rd Cir. 2006); *See also*, *In re Brown,* 571 F. App'x 74, 75 (3d Cir. 2014).
[43] *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005)
[44] Rec. Doc. 118-2. Plaintiffs Andrew and Phillip Nuschler, represented by Robert Evans, III, counsel for the Plaintiffs herein, filed suit in State Court against the undersigned Judge ("Nuschler II Suit") alleging the same malpractice claims that were asserted in the Nuschler I Suit and subsequently settled. See Note 13 *supra*.
[45] Under Louisiana law, legal malpractice actions must be filed "within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, ... in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect." La. R.S. 9:5605(A). The Nuschler II Suit filed against the undersigned alleges that "Shelly Dick worked on the file from 2006 through her federal appointment in 2013." Thus, any "alleged act, omission, or neglect" on the part of the undersigned had to occur prior to "her federal appointment in 2013". The Nuschler II Suit was filed on July 3, 2017, well after the expiration of the three-year peremptive period.
[46] See Note 13, *supra*.

recent recusal motion, just five (5) days after the Court denied reconsideration of its partial dismissal Order, is a clear indication of the real motive behind the instant Motion.[47]

**V. CONCLUSION**

Given the machinations to which Plaintiffs' counsel has resorted to poison and impugn the Court's impartiality, the Court finds that a "thoughtful and objective observer" might question the Court's impartiality going forward. While there remains no evidence of actual bias, a reasonable person might harbor doubts about the Court's ability to remain impartial. There comes a time when the well water, otherwise sweet, becomes so poisoned by external pollutants that the water becomes unpotable. This metaphor is *apropos* here. While the Court is loath to recuse and thereby reward Plaintiffs' counsel for what is plainly scurrilous litigation tactics, the Court hereby GRANTS the Plaintiffs' *Motion to Recuse*[48] and directs the Clerk of Court to randomly reallot this matter.

Additionally, the Plaintiff's *Motion to Withdraw*[49] the *Motion to Recuse* ruled upon herein is DENIED as moot.

Signed in Baton Rouge, Louisiana the 21st day of September, 2017.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[47] The flagrant misuse of the judicial process outlined in part herein resulted in a *Motion for Sanctions* filed by the Defendants. Rec. Doc.124 Defendants move for the imposition of sanctions on Plaintiff's counsel Robert B Evans, III citing a "series of tactics, including the filing of meritless motions and even a lawsuit against this Court, all intended to harass and delay, to cause unnecessary expense to other parties, and to avoid adverse decisions." Rec. Doc. 124-1, p. 2 .Defendants further argue that "the only motive for filing the [lawsuit against undersigned] is an improper one: to harass this Court and, to delay and cause unnecessary expense to Rouses, and to avoid adverse decisions all blatantly in violation of Rule 11(b)(1)." Rec. Doc. 124-1, p. 11.
[48] Rec. Doc. 118.
[49] Rec. Doc. 131.

9